UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GRIFFIN CUSTOM HOMES, INC., et al.,<br><br>Defendants. | CASE NO. 3:20-cv-05392-DGE<br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| GRIFFIN CUSTOM HOMES, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Counter-Defendant. | |

## I.    INTRODUCTION

This matter is before the Court on Capitol Specialty Insurance Corporation's Motion for Summary Judgment. (Dkt. No. 20.) Plaintiff Capitol Specialty Insurance Corporation ("Capitol") filed this declaratory judgment action seeking to establish that it is not obligated, under one of its insurance policies, to either defend or indemnify Defendant Griffin Custom

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 1

Homes, Inc. ("Griffin") in a state court action initiated by Defendant John Foth ("Mr. Foth") against Griffin (the "Foth Litigation"). (*See generally* Dkt. No. 1); *see also Foth v. Griffin Custom Homes, Inc. et al.*, Case No. 20-2-00185-05 (Clallam Cnty. Super. Ct., Mar. 4, 2020). Griffin has counterclaimed for a judgment that Capitol is obligated to defend and indemnify it in the Foth Litigation. (Dkt. No. 14 at 6.) Capitol now seeks summary judgment on its claims for declaratory relief and against Griffin's counterclaim. (Dkt. No. 20.) Griffin and Mr. Foth oppose Capitol's motion and have filed separate responses.[1] (Dkt. Nos. 23, 24.) Having considered the matter, the Court grants Capitol's motion for summary judgment.[2]

## II.     BACKGROUND

The relevant facts are set forth in the complaint of the underlying Foth Litigation. (*See* Dkt. No. 21-1 at 2–6.) Mr. Foth sustained severe injuries when he fell from a ladder while performing work on a residential construction site. Griffin was the general contractor on the project. (*See id.* at 3, ¶ 2.4.) Griffin hired Sun City Builders as its subcontractor to participate in building the residence. (*See id.* at 3, ¶ 2.5.) Sun City Builders in turn contracted with Pederson Construction, which employed Mr. Foth, to work on the site. (*See id.* at 3, ¶ 2.3-2.5 (Foth alleging that "Pederson Construction, a subcontractor, employed Plaintiff JOHN FOTH at the time of the incident").) While working on the site, Mr. Foth was injured when the ten-foot ladder he was standing on collapsed, sending him to the ground. (*See id.* at 4, ¶ 2.7.) Mr. Foth alleges that Griffin and Sun City Builders were negligent in failing to provide safe working conditions upon the site. (*See id.* at 4, ¶ 2.8-2.9.)

---

[1] Neither Griffin nor Mr. Foth seek summary judgment in Defendants' favor.
[2] Capitol and Mr. Foth have both requested that the Court hold oral argument in this matter, but the Court finds it unnecessary. *See* LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument. . . . If a request for oral argument is granted, the clerk will notify the parties of the date and time for argument.").

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 2

At the relevant time, Griffin held a Commercial General Liability Insurance Policy with Capitol.  (*See* Dkt. No. 21-2.)  That policy included form no. CGL 437 (01-13), "Amendatory Endorsement – Contractors," which is set forth in relevant part.

**5.  EXCLUSION – NON-EMPLOYEE LABOR**

This insurance does not apply to "bodily injury" or "personal and advertising injury" to, or medical expenses for, any person who participates in the course of work performed by you, who is not employed, subcontracted or being compensated in any way by you.

**6.  EXCLUSION – CONTRACTED PERSONS**

This insurance does not apply to "bodily injury" . . . or medical expense sustained by any person who is:

**a.**   Contracted with you or with any insured for services; or

**b.**   Employed by, leased to or contracted with any entity that is:

**c.**   Contracted with you or with any insured for services; or

**d.**   Contracted with others on your behalf for services.

(*Id.* at 30.)  The policy also included endorsement form no. CGL 176(01-13), which excludes coverage for "Bodily Injury to Independent Contractors:"

It is agreed that this insurance does not apply to "bodily injury" to:

**(1)**   Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on or behalf of any insured; or

**(2)**   The spouse, child, parent, brother, sister or other family member of any such independent contractor or "employee" of the independent contractor as a consequence of (1) above.

This exclusion applies:

**(3)**   Whether the insured may be liable as an employer or in any other capacity; and

**(4)**   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 3

(*Id.* at 54.)

### III.  DISCUSSION

#### A. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On summary judgment, the Court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). However, where the non-moving party fails to properly support an assertion of fact or fails to properly address the moving party's assertions of fact, the Court will accept the fact as undisputed. Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 251. As such, the Court relies "on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotation marks and citations omitted).

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 4

**B. Applicable Insurance Law Standards**

Under Washington State law, interpretation of an insurance contract is a question of law. *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 325 (Wash. 2002). Determining whether coverage exists is a two-step process. First, the insured must show the loss falls within the scope of the policy's insured losses. *McDonald v. State Farm Fire & Casualty Co.*, 837 P.2d 1000, 1003–04 (Wash. 1992). Second, to avoid coverage, the insurer must show the loss is excluded by specific policy language. *Id.*

When interpreting an insurance policy, "ambiguities are resolved in favor of the policyholder." *Eurick v. Pemco Ins. Co.*, 738 P.2d 251, 252 (Wash. 1987) (citing *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 726 P.2d 439, 443 (Wash. 1986)). In addition, "exclusionary clauses are to be construed strictly against the insurer." *Id.* (citing *Farmers Ins. Co. v. Clure*, 702 P.2d 1247, 1249 (Wash. Ct. App. 1985)). "The terms of a policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Overton*, 38 P.3d at 325. Furthermore, a policy must be considered "as a whole," including riders or endorsements. *Kitsap Cnty. v. Allstate Ins. Co.*, 964 P.2d 1173, 1177 (Wash. 1998). Defined terms "should be interpreted in accordance with [the] policy definition." *Id.* at 1178. The determination of the insurer's duty to defend may be made in a declaratory judgment proceeding. *Safeco Ins. Co. v. Dairyland Mut. Ins. Co.*, 446 P.2d 568, 569 (Wash. 1968); *Gov't Employees Ins. Co. v. Woods*, 367 P.2d 21, 23 (Wash. 1961).

**C. Capitol's Duty to Indemnify Griffin**

Griffin concedes that Capitol is entitled to summary judgment on its claim for a declaratory judgment that it has no duty to indemnify Griffin under the terms of the policy. (*See* Dkt. No. 23 at 6–8 (stating that "Capitol [] is not entitled to summary judgment on its duty to defend Griffin against the Foth [L]itigation" and thereafter arguing only that Capitol has a duty

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 5

to defend Griffin).) Similarly, Mr. Foth argues that, due to ambiguity in the policy exclusions, Capitol has a duty to defend because the policy conceivably covers the allegations in the underlying Complaint; however, Mr. Foth does not argue Capitol's duty to indemnify. (*See* Dkt. No. 24 at 7.) If Griffin and Mr. Foth accept that there ultimately will not be a dispute over indemnity (i.e., policy coverage), they cannot argue that Capitol remains obligated to defend now. (*See* Dkt. No. 25 at 4 (collecting cases).) The Court nevertheless considers the Defendants' arguments related to Capitol's duty to defend and finds that the parties have failed to raise a dispute of material fact precluding summary judgment.

### D. Capitol's Duty to Defend Griffin

Washington law treats an insurer's agreement to indemnify an insured separately from an insurer's agreement and duty to defend its insured. *Expedia, Inc. v. Steadfast Ins. Co.*, 329 P.3d 59, 64 (Wash. 2014), *as corrected* (Aug. 6, 2014) ("This court has 'long held that the duty to defend is different from and broader than the duty to indemnify.'") (quoting *Am. Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (Wash. 2010)). Ultimately, the duty to indemnify exists only if the policy's terms cover the insured's liability. *See id.* The duty to defend, however, can exist separate and apart from the duty to indemnify for a period where the policy could conceivably cover the insured's alleged liability. *See Am. Best Food*, 229 P.3d at 696 (citing *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007)).

The premise upon which Griffin bases its argument appears to be aptly summarized by the Washington State Supreme Court in *Expedia*:

> The duty to defend generally is determined from the "eight corners" of the insurance contract and the underlying complaint. There are two exceptions to this rule, and both favor the insured. First, if coverage is not clear from the face of the complaint but coverage could exist, the insurer must investigate and give the insured the benefit of the doubt on the duty to defend. Second, if the allegations in the complaint conflict with facts known to the insurer or if the allegations are ambiguous, facts outside the complaint may be considered. However, these

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 6

> extrinsic facts may only be used to trigger the duty to defend; the insurer may not rely on such facts to deny its defense duty.

*Expedia*, 329 P.3d at 64–65 (internal citations omitted).

These exceptions exist because, where coverage is unclear, an insured should not be abandoned until the ultimate determination of liability. "Once the duty to defend attaches, insurers may not desert policyholders and allow them to incur substantial legal costs while waiting for an indemnity determination." *Am. Best Food*, 229 P.3d at 696 (quoting *Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 282 (Wash. 2002)) (quotation marks omitted). The duty to defend that exists beyond the duty to indemnify is premised on the *possibility* that the insurer will be required to indemnify the insured under the terms of the policy. *See id.* ("To that end, [the insurer] must defend until it is clear that the claim is not covered.").

> If the insurer is unsure of its obligation to defend in a given instance, it may defend under a reservation of rights while seeking a declaratory judgment that it has no duty to defend. . . . A reservation of rights is a means by which the insurer avoids breaching its duty to defend while seeking to avoid waiver and estoppel. "When that course of action is taken, the insured receives the defense promised and, if coverage is found not to exist, the insurer will not be obligated to pay."

*Truck Ins. Exch.*, 58 P.3d at 282 (internal citations omitted).

Griffin concedes that, based on the allegations in the Foth Litigation Complaint, the situation would trigger the policy's Contractor Exclusion. (Dkt. No. 23 at 7.) Griffin then relies on the Washington Supreme Court's holding in *Expedia* to argue that the Court should consider facts outside the Foth Litigation Complaint in support of coverage. (*Id.*) However, Griffin fails to demonstrate either of the two exceptions to the "eight corners" rule in favor of considering extrinsic evidence. *See Expedia*, 329 P.3d at 64–65 (explaining that Courts may go beyond the "eight corners" of the insurance contract and the underlying complaint if "coverage is not clear from the face of the [C]omplaint but coverage could exist" or "the allegations in the complaint conflict with facts known to the insurer or if the allegations are ambiguous.")

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 7

Assuming that Griffin successfully demonstrated that one exception would apply and considering Griffin's outside facts, there are no genuine disputes of material facts and Capitol is entitled to judgment as a matter of law because Mr. Foth is not conceivably covered under the policy.

Griffin argues that Mr. Foth's employment status and legal relationship to Griffin remains in dispute. Although the Foth Litigation Complaint alleges that Mr. Foth was an employee of Pederson Construction, Griffin points to the lack of payment records from Pederson Construction to Mr. Foth:

> There is no evidence Foth was ever paid by Pederson, let alone paid to work on the day in question. In discovery, Foth was requested to produce records demonstrating his employment with Pederson or otherwise relating to his legal relationship to Pederson, his tax return, and his pay stubs. . . . To date, Foth has produced no such records.

(*See* Dkt. No. 23 at 3 (internal citations omitted).)

But the absence of payment records does not create a genuine dispute as to Mr. Foth's employment status as it is not inconsistent with his allegations and reasonable jurors would not conclude that the absence of payment records precludes a person being a paid employee. Although Griffin argues that additional facts may demonstrate that Mr. Foth is not subject to the policy exclusions, it does not explain what those hypothetical facts are, much less identify competent evidence supporting those facts.

Griffin argues that Pederson Construction's status as an approved subcontractor is disputed. However, Griffin does not present evidence supporting its argument.[3] Further, the lack of approval on Griffin's part over the arrangement between Sun City Builders and Pederson

---

[3] In arguing that Pederson Construction was not an approved subcontractor on the project, Griffin cites to Griffin Decl. ¶ 4. (Dkt. No. 23 at 3.) However, no such Declaration was filed with the Court in support of Griffin's response, nor has Griffin subsequently provided this Declaration to the Court. (*See* Dkt. No. 23-1 - 23.5.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 8

Construction does not raise a genuine dispute of fact that is material to whether Mr. Foth is covered by the policy given that the exclusions cover non-employee laborers who "participate in the course of work performed by [Griffin], who [are] not employed, subcontracted or being compensated in any way by [Griffin]." (*See* Dkt. No. 21-2 at 30.)

Further, Griffin argues that Capitol impermissibly relies on extrinsic evidence to deny its duty to defend—specifically, evidence that Mr. Foth received worker's compensation benefits for his injuries, which was not included in the Foth Litigation Complaint. (*See* Dkt. No. 23 at 8; *see also* Dkt. No. 21-3 at 2-3.) Because these facts go against Capitol's duty to defend, Griffin argues that such facts may not be considered. (*See* Dkt. No. 23 at 8.) The Court agrees that the fact that Mr. Foth was paid workers compensation benefits should not be considered in its analysis of Capitol's duty to defend. However, even without considering extrinsic evidence relating to workers compensation benefits, the Court concludes that there are no genuine disputes of material fact precluding summary judgment.

The appropriateness of this result is demonstrated by an absence of facts demonstrating a relationship that would not exclude the Foth Litigation from the policy's coverage. Capitol's argument is, in part, that the Foth Litigation would fall within one of the exclusions, no matter the precise facts. (Dkt. No. 20 at 10–14.) If Mr. Foth was not an employee of Pederson Construction, where does that get Griffin? Griffin could not argue that Mr. Foth was an employee of or contracted with Griffin or Sun City Builders, as he would then be a "contracted party." (*See* Dkt. No. 21-2 at 30 (excluding coverage for injury to persons "contracted with you," or "employed by, leased to or contracted with any entity that is . . . [c]ontracted with you" or "[c]ontracted with others on your behalf").) And Mr. Foth could not have been authorized to work on the construction site by Sun City Builders, as his injury would otherwise be excluded under the non-employee labor exclusion. (*See id.* (policy does not cover injury to any "person

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 9

who participates in the course of work performed by [Griffin], who is not employed, subcontracted or being compensated in any way by" Griffin).) Accordingly, Griffin would need facts establishing that Mr. Foth was not participating in construction on the project. But there is not a hint of evidence supporting this argument. Thus, a jury could not reasonably conclude that Mr. Foth voluntarily went to the building site—presumably with no notice of any arrangement between Pederson Construction and Sun City Builders—and then taken no part in the work on the project before being injured. Mr. Foth's motivation to proceed in this manner is wholly unsupported by the record and plainly contradicted by the complaint in the Foth Litigation.

In his separate response, Mr. Foth argues that summary judgment is inappropriate because the exclusionary terms of the policy are ambiguous. Mr. Foth points to the fact that one provision of the policy excludes coverage for individuals not subcontracted by Griffin who participate in the course of Griffin's work and a separate provision excludes coverage for individuals contracted with Griffin, and persons employed by, leased to, or contracted with any entity that is contracted with Griffin or contracted with others on Griffin's behalf. Mr. Foth appears to suggest that these provisions present inconsistency, however, it is clear that these provisions apply to different employment relationships, and that the Foth litigation would fall within one of these exclusions based on the record.

### IV.    CONCLUSION

Accordingly, and having considered Plaintiff's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Capitol Specialty Insurance Corporation's Motion for Summary Judgment (Dkt. No. 20) is GRANTED.

1. The Court declares that Capitol Specialty Insurance Corporation is under no obligation to defend or indemnify Defendant Griffin Custom Homes, Inc. with regards to injuries sustained by Defendant John Foth.

2.  Defendant Griffin Custom Homes, Inc.'s counterclaim (Dkt. No. 14) is DISMISSED.

3.  This case is CLOSED.

Dated this 23rd day of November 2021.

David G. Estudillo
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 11